UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIE WIGGINS,<br><br>                          Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                          Defendant. | Case No.: 17-CV-2105 JLS (MDD)<br><br>**ORDER: (1) GRANTING MOTION TO DISMISS WITH PREJUDICE; (2) DENYING PLAINTIFF'S MOTIONS TO AMEND**<br><br>(ECF Nos. 9, 15, 18) |

Plaintiff Lucie Wiggins has filed a Complaint against the United States Postal Service, (ECF No. 1), to which Defendant has filed a Motion to Dismiss, ("MTN," ECF No. 9). Also before the Court is Plaintiff's "Affidavit/Affirmation in Opposition to Defendant's Motion to Dismiss," ("Opp'n," ECF No. 11). Plaintiff also filed a Supplemental Opposition, ("Supp. Opp'n," ECF No. 13). Defendant did not file a Reply.

Plaintiff filed a Motion requesting leave to "add more documents" to her case, namely to the Complaint and to her Opposition, (ECF No. 15). Plaintiff then filed a second Motion requesting leave to add more documents to her case, (ECF No. 18).

## BACKGROUND

Plaintiff filed a Complaint against the United States Postal Office ("USPS"), ("Compl.," ECF No. 1). Plaintiff worked at USPS as a one-year contract automation clerk. (*Id.* at 7.) Plaintiff alleges she injured her back and neck while working at USPS. (*Id.* at

3.) She states the "machine" at the post office was not working so the employees had to "manually pick up items by hand along with mail bins." (*Id.*) This caused her injuries.

Plaintiff states she did not get assistance for her injuries "through workers comp[ensation] (FECA)," i.e., the Federal Employee Compensation Act, but used private insurance. (*Id.*) She states she was granted FECA benefits and intended to go back to work, "but DOL and USPS denied many conditions and medical treatment" for her injuries. (*Id.*) Plaintiff states in 2013, she presented a claim for injuries and damages "to the appropriate public entity for the USPS." (*Id.* at 5.) The public entity denied two claims.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at

556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

Defendant argues Plaintiff's Complaint should be dismissed for various reasons.

### I. Federal Employee Compensation Act

Defendant argues the Federal Employee Compensation Act ("FECA"), 5 U.S.C. § 8116(c) is the exclusive remedy for federal employees who are injured in the scope of their employment, and the Court would therefore lack jurisdiction over any tort claim asserted by Plaintiff. (MTN 2.) Defendant argues Plaintiff's tort claims are barred due to FECA's exclusive remedy scheme and Plaintiff has already pursued compensation through FECA. (*Id.* at 3.)[1]

"The remedies provided under FECA are exclusive of all other remedies against the United States for job-related injury or death." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993), *cert. denied*, 511 U.S. 1030 (1994); *see Moe v. United States*, 326 F.3d

---

[1] The provision of 5 U.S.C. § 8116(c) reads in pertinent part:
> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee <u>is exclusive and instead of all other liability</u> of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute <u>or under a Federal tort liability statute.</u>

(emphasis added).

1065, 1068 (9th Cir.) ("[I]f compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted."), *cert. denied*, 540 U.S. 877 (2003). "If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Id.* at 1068. "If a federal employee's injury were incurred while he was acting under the scope of his employment at the time he sustained injuries, FECA precludes a FTCA claim whether or not FECA provides compensation for a particular injury." *Hefner v. Chao*, No. 08cv1586 L (BLM), 2009 WL 2485754, at *3 (S.D. Cal. Aug. 11, 2009).

Here, it is clear that Plaintiff's injury occurred while she was acting under the scope of her employment because she states it occurred while she was lifting boxes at the USPS. (Compl. 3; *see also* Opp'n 3 (Plaintiff declares "I worked [at the] United States Postal Service and was injured on the job.").)

Plaintiff argues her Complaint is brought under the Federal Tort Claims Act ("FTCA"). (Supp. Opp'n 1.) But,

> the FECA and FTCA are mutually exclusive. It is not a matter of picking and choosing which statute provides the "best" award. Once a claim is determined to fall within the scope of FECA, *i.e.,* a federal employee's injuries were incurred while he was acting under the scope of his employment at the time he sustained injuries, the FTCA cannot be invoked.

*Hefner*, 2009 WL 2485754, at *3. Indeed, Plaintiff has stated she was granted FECA benefits. (Compl. 3.) She cannot now attempt to invoke FTCA. To the extent Plaintiff is requesting this Court review the FECA decision, the Court is forbidden from doing so. *See Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage.").

## CONCLUSION

Because the Court lacks subject matter jurisdiction over Plaintiff's Complaint, the Court **GRANTS** Defendant's Motion to Dismiss **WITH PREJUDICE**, (ECF No. 9). Although Plaintiff has filed two Motions to add documents to her case, any documents

cannot cure the lack of jurisdiction. Thus, these Motions are **DENIED**, (ECF Nos. 15, 18). The Clerk **SHALL** close the file.

    **IT IS SO ORDERED.**

Dated: May 14, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge