UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIE WIGGINS,<br><br>      Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>      Defendant-Appellee. | Case No.: 17-CV-2105 JLS (MDD)<br><br>**ORDER REVOKING PLAINTIFF'S** *IN FORMA PAUPERIS* **STATUS**<br><br>(ECF No. 27) |

On May 14, 2018, the Court granted Defendant-Appellee's motion to dismiss Plaintiff's Complaint and dismissed the case with prejudice, (ECF No. 19). Plaintiff-appellant filed a timely notice of appeal from the Court's order, (ECF No. 22). The Ninth Circuit referred the matter back to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (ECF No. 27.) After reconsideration, the Court **CERTIFIES** that Plaintiff's appeal is not in good faith and **REVOKES** Plaintiff's *in forma pauperis* status.

Motions to proceed *in forma pauperis* on appeal are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (quoting *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988)). Section 1915 permits a court to authorize an appeal without the prepayment of fees if the

party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).

Proceeding *in forma pauperis* on appeal is a privilege, however, not a right. Thus, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue on appeal that is not plainly frivolous. *Farley v. United States*, 354 U.S. 521, 522–23 (1957). Thus, the request of an indigent for leave to appeal *in forma pauperis* may be denied only if the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant. *Ellis v. United States*, 356 U.S. 674, 675 (1958) (per curiam); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).

An action is frivolous for purposes of section 1915 if it lacks any arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328–30 (1989). A complaint or appeal lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish even an "arguable legal claim." *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990) (citation omitted). While the facts alleged should generally be accepted as true, clearly baseless, "fanciful," "fantastic" or "delusional" factual contentions may be dismissed as frivolous under section 1915. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Here, this Court clearly lacks subject matter over Plaintiff's Complaint. Therefore, Plaintiff does not present an arguable legal claim. No reasonable person could suppose that an appeal of the Court's rulings would have merit.

Accordingly, the Court hereby **CERTIFIES** that Plaintiff's appeal is not in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **REVOKES** Plaintiff's *in forma pauperis* status. *Coppedge v. United States*, 369 U.S. 438 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed *in forma pauperis* on appeal only if appeal would not be frivolous). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the Ninth Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure. *See* Fed. R. Civ. P. 24(a); *Javor v. Brown*,

295 F.2d 60, 61 (9th Cir. 1961) (appellate court can set aside district court certification of bad faith).

**IT IS SO ORDERED.**

Dated: June 15, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge